# SANTIAGO

*v.*

# AMANGUAL.

---

San Juan, Law, No. 1024.

ON MOTION TO AMEND ANSWER.

Amendment—Federal Court.

    1. Revised Statutes, § 954, confers upon the Federal court discretion to allow amendments to pleadings upon such terms as it may think proper. The Federal court has this power independently of local legislation.

Limitations—Waiver.

    2. Under the American system and under the procedure in Porto Rico the statute of limitations is considered a personal defense which must be pleaded, or it is to be considered waived.

Santiago v. Amangual.

Amendment—Up to Trial.

> 3. An amendment of pleadings, whether relating to statute of limitations or otherwise, may be had at any time up to trial, and in some instances at the trial in order to meet evidence, and upon such terms as the court may fix in order to protect the opposite parties.

Opinion filed November 17, 1914.

*Mr. H. R. Francis* for defendant for the motion.

*Mr. H. G. Molina* for plaintiff, opposed.

HAMILTON, Judge, delivered the following opinion:

This is a motion made by the defendant two days before the case is set for trial, and asking leave to amend his answer by setting up the prescriptions of ten and thirty years. The motion, which is sworn to, alleges that the facts showing these defenses have come to the knowledge of the defendant within the past twenty-four hours, and in effect could not have been learned before with reasonable diligence. The motion is opposed on the ground that prescription is analogous to the statute of limitations, and, not having been set out in the original answer, is waived.

1. The application is made more particularly under § 140 of the Porto Rico Code of Civil Procedure, which allows amendments in certain cases. It is not necessary to decide whether there is any difference between the Federal and the local law on the subject, but there is a Federal law which, if it is different from the local, would necessarily control. United States Revised Statutes, § 954, Comp. Stat. 1913, § 1591, confers

upon the Federal court discretion to allow amendments to pleadings upon any terms it may think proper. The power therefore exists. The question is, Shall it be exercised under the facts of this case?

2. There is no question that, under the American system, the statute of limitations is considered a personal defense which must be pleaded, or it is to be considered waived. There is no reason to suppose that the rule in Porto Rico would be different. The Code of Civil Procedure is copied from that of California and other western states. When, however, is this waiver effective?

3. The general rule is that pleadings may be amended up to the time of the trial, and indeed to some extent they may be amended at the trial to meet the evidence. This latter, however, is an exception to the rule, which is that the pleadings must be settled and the issue fixed before a case is ready for trial and before the trial is entered upon. Up to that time it is permissible to amend any pleading by leave of court, to be had upon proper showing and hearing of parties in interest. No reason is apparent why this does not apply to the pleading of prescription or of limitations. If the answer contains allegations which are inconsistent with such defense, that may be taken advantage of by setting up that the new pleading is a departure. If the new pleading is something additional to the original pleadings, it may be proper that it be added. In all cases where the court permits amendments it will do so upon terms which will protect the other party. The law wishes cases tried so as to secure justice, and that necessarily involves having the issue fully made up, but if this is not seasonably applied for, the court will allow a continuance or payment of costs that

Santiago v. Amangual.

will prevent injustice to the other side, if it thinks the amendment should be allowed at all.

In this case, therefore, the proposed amendment will be allowed, but the defendant must, before entering on trial, pay all the expense of the attendance of the plaintiff's witnesses, and the plaintiff will be allowed a resetting of the case if he so desires.

It is so ordered.